

**PRICE DANIEL**
ATTORNEY GENERAL

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

February 1, 1947

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas                    Opinion No. V-07

                                 Re: Purchase of airplanes by
                                     Board of Regents of the
                                     University of Texas for
                                     use in courses of instruc-
                                     tion in Aeronautical En-
                                     gineering.

Dear Mr. Sheppard:

        We have received your letter of January 31, 1947,
which we quote in part as follows:

        "I am attaching hereto voucher claim in favor of
        Haile Flying Service for $8,914.00 for four air-
        planes purchased by The University of Texas for
        use in courses of instruction in Aeronautical En-
        gineering.

        "I shall thank you to examine this claim in connec-
        tion with your Opinion O-4681 and specifically
        to that paragraph which reads as follows:

                'This past session of the Legislature
                passed Senate Bill 147 which authorizes
                the Board of Directors of the Agricultur-
                al and Mechanical College to acquire an
                airport and equipment therefor. (Acts
                1941, 47th Leg., R. S., Ch. 81, S.B.147,
                p. 100; Article 2615c, Vernon's Annotat-
                ed Civil Statutes). This act is certain-
                ly indicative that specific legislative
                authority is required. The emergency
                clause of the act reads in part as follows:'

        "and advise this department whether or not we
        would be authorized to issue warrant in payment
        of such claim."

        Opinion Number O-4681, dated July 3, 1942, and

addressed to the Sam Houston State Teachers' College, passed upon the question as to whether that college had the authority to borrow money for the purpose of "operating its Civil Pilot Training program and purchasing planes to be used in training the boys taking this course." It was held in the opinion as follows:

> "In the first place, there is no statutory authority for the college itself to maintain such a program. In Section 3 of Article 2647 it is said: 'Said board shall not change any department of instruction provided by law, and no department shall be established for the support of which provision has not been made by the Legislature.' Provision has not been made by the Legislature for this program. It follows that the college may not purchase airplanes."

Such a situation does not exist with respect to the University of Texas. Under Article 2586, Revised Civil Statutes, the Board of Regents of the University of Texas has the broad power to "regulate the course of instruction and prescribe, by and with the advice of the professors, the books and authorities used in the several departments, and to confer such degrees and to grant such diplomas as are usually conferred and granted by universities." The limitation imposed on the power and authority of the Board of Regents of the State Teachers College by Article 2647 does not apply to the Board of Regents of the University of Texas; conversely the latter-mentioned board has wide latitude and broad discretionary powers with respect to the course of instruction.

Several years ago the Board of Regents in the exercise of its discretion determined that a need existed for a course in aeronautical engineering, and under its power "to regulate the course of instruction" and "to confer such degrees and to grant such diplomas as are usually conferred and granted by universities," this course was added to the curricula. The rise in the importance of aviation and allied fields in recent years and the need of a course in aeronautical engineering in a first-class university are obvious. There can be no doubt that the Board of Regents had the power and authority to add this course. Moreover, the Legislature has clearly recognized this power and authority of the Board of Regents, for it has provided funds therefor. (See Acts 1945, 49th Leg., Ch. 377 and Acts 1943, 48th Leg., Ch. 399.). In Opinion O-4681, mentioned above, we quoted

the following excerpt from the case of Fort Worth Cavalry Club v. Sheppard, 125 Texas 339, 83 S.W., (2d)660:

> "All public offices and officers are creatures of law. The powers and duties of public officers are defined and limited by law. By being defined and limited by law, we mean the act of a public officer must be expressly authorized by law, or implied therefrom. 22 R.C.I.,p.555, § 114 ..."

If the Board of Regents have the power to provide for the teaching of aeronautical engineering in the University of Texas, then it follows that authority exists to make that power effective. The Board of Regents has determined that the course of instruction could be improved by the use of the airplanes mentioned in your letter. The Board has the authority to make such determination, and it appears to us to be most reasonable. It is, therefore, evident that it is our opinion that the Board of Regents has the authority to purchase subject planes if funds are available therefor.

You are concerned with that portion of Opinion No. 0-4681 which reads as follows:

> "This past session of the Legislature passed Senate Bill 147 which authorizes the Board of Directors of the Agricultural and Mechanical College to acquire an airport and equipment therefor. (Acts 1941,47th Leg. R.S., Ch. 81, S.B. 147, p. 100; Article 2615c, Vernon's Annotated Civil Statutes). This act is certainly indicative that specific legislative authority is required. The emergency clause of the act reads in part as follows:
>
> > 'Sec. 3. The fact that said institution is in urgent need of the <u>authority</u> to acquire and operate an airport <u>in connection</u> with courses now being taught and those contemplated, and to permit its more effective 'cooperation in the National Defense Program, creates an emergency. . .' (Emphasis supplied)."

The quoted matter can clearly be distinguished from the situation under consideration. In the first place Senate Bill 147 (Article 2615c, Vernon's Annotated Civil Statutes) granted the authority to acquire an <u>airport</u>, rather than <u>airplanes</u>. It is our opinion that the statute was enacted so that the authority to acquire an airport would exist without question. Article 2608 provides that

the "leading object of the College shall be, without ex-
cluding other scientific and classical studies, and in-
cluding military tactics, to teach such branches of learn-
ing as are related to agriculture and the mechanical arts."
Although the Board of Directors of the Agricultural and
Mechanical College of Texas is given wide discretionary
powers with respect to the course of study (See Article
2613, Section 6), still the authority to acquire airports
was not free from doubt; therefore, Senate Bill 147 was
enacted.

Article 2505, which authorizes the Board of Re-
gents to regulate the course of instruction, was enacted
by the Legislature in 1913, a time when aviation and ae-
ronautical engineering were in their infancy. Now aero-
nautical engineering is one of the most important of the
engineering fields. The Legislature wisely foresaw that
the imposition of restrictions and limitations on the
courses to be taught at a university would, in effect,
stalemate educational advancement - that if a university
is to continue to be an institution of the first class,
it must be able to keep abreast of the times by the en-
largement of courses taught and the addition of new fields
of study.

In answer to your question, you are advised that
it is the considered opinion of this department that the
Board of Regents is authorized to purchase airplanes for
use in courses of instruction offered in Aeronautical En-
gineering, if funds are available for that purpose.

**SUMMARY**

The Board of Regents of the University of Texas
is authorized to purchase airplanes for use in courses of
instruction offered in Aeronautical Engineering, if funds
are available for that purpose.

Very truly yours

APPROVED FEB.1,1947                    ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL                   By        George W. Sparks
                                                Assistant

GWS:jrb
          Approved Opinion Committee- By F.D.,Chairman